*1145 Lower Tribunal No(s).: 2006-CF-4522-A
William Frances Silvia, a prisoner under sentence of death, has waived his postcon-viction proceedings and counsel. After conducting a hearing and the required colloquy on June 26, 2012, the trial court entered an order finding that there were no reasonable grounds to believe that Silvia was not mentally competent for purposes of the hearing and that Silvia’s waiver was knowing, intelligent, and voluntary. The trial court accordingly dismissed Silvia’s postconviction proceedings and discharged Silvia’s counsel. Pursuant to Florida Rule of Criminal 3.851 (i), discharged counsel has appealed that order to this Court.
Competency
Discharged counsel does not raise Silvia’s competency as an issue in this case. Silvia’s counsel represented to the trial court at the hearing that he could not in good faith argue that Silvia was incompetent. The trial court in its order determined that there were “no reasonable grounds to believe that [Silvia] is not mentally competent to proceed for the purposes this hearing.” See Fla. R. Crim. P. 3.851(i)(4). On appeal, although discharged counsel argues that Silvia has mental health problems that would form the basis for postconviction claims, discharged counsel does not argue that the trial court erred in its finding or that there are questions as to Silvia’s competency. We conclude that the trial court did not abuse its discretion in finding that there were no reasonable grounds to believe that Silvia was incompetent for purposes of waiving his postconviction counsel and proceedings.
Waiver
This Court has explained that “capital defendants who are competent can waive postconviction counsel and postconviction proceedings, reasoning ‘[i]f the right to representation can be waived at trial, we see no reason why the statutory right to collateral counsel cannot also be waived.’ This Court explained that it ‘cannot deny [a death row inmate] his right to control his destiny to whatever extent remains.’ ” Trease v. State, 41 So.3d 119, 123 (Fla. 2010) (quoting Durocher v. Singletary, 623 So.2d 482, 484 (Fla. 1993)). However, this Court has also explained that under such circumstances, an inquiry is required to ensure that the waiver is knowing, intelligent, and voluntary. Trease, 41 So.3d at 123. That procedure was since codified in Florida Rule of Criminal Procedure 3.851(i).
The transcript of the hearing in this case reflects that, as required by Florida Rule of Criminal Procedure 3.851(f)(3)-(4), the trial court held a hearing and conducted an inquiry of Silvia, eliciting that Silvia was not under the influence of any medicines, drugs, or alcohol. The transcript reflects that Silvia understood the consequences of waiving postconviction counsel and proceedings, and he understood that his right to pursue postconvic *1146 tion proceedings would be forever lost. The transcript further' deflects that Silvia understood that if the court granted his request to discharge his attorneys and waive postconviction proceedings, he would become warrant-eligible-that is, the governor could sign a warrant for his execution. Silvia also indicated that he understood that his waiver of postconvietion proceedings was permanent and that he could not change his mind in the future.
In addition, Silvia indicated that he understood that by waiving postconviction proceedings early in the process-before a motion was filed-he was losing permanently his right to take - advantage of any changes that may occur in the law, that he was. waiving his right to federal review, and that because his attorneys had not yet completed their discovery, it was unknown what issues could be raised. Silvia acknowledged that he understood everything his attorneys had done-to date and that his attorneys could discover information that would be beneficial to him in postconviction. Silvia indicated that he understood that the issues in his case were not fully developed, that his attorneys could not proceed further in their investigation without his cooperation, and that his attorneys could discover information that would be beneficial to him. He nevertheless indicated that he did not wish his attorneys to proceed with any further discovery and that he was voluntarily waiving his post-conviction counsel and proceedings.
On the basis of this record, we conclude that the trial court did not abuse its discretion in discharging Silvia’s postconviction counsel and dismissing postconviction pro-; ceedings. Accordingly, we affirm the trial court’s order.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.